UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER BUCKENBERGER**                    **CIVIL ACTION**

**VERSUS**                                      **NO. 10-1194**

**BURL CAIN, WARDEN, LSP**                      **SECTION "A" (3)**

# O R D E R

Petitioner, Christopher Buckenberger, filed a motion seeking my recusal. Rec. Doc. 14. He does not specify the statutory basis for his motion. However, both 28 U.S.C. §§ 144 and 455 address recusal or disqualification.

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. When a motion is filed pursuant to Section 144, "[t]he judge must pass on the legal sufficiency of the affidavit, but not on the truth of the matters alleged." <u>Chitimacha Tribe of</u>

Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1165 (5th Cir. 1982). To be legally sufficient the affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. Parrish v. Board of Commissioners of Alabama State Bar, 524 F.2d 98, 100 (5th Cir. 1975). Affidavits filed under Section 144 are strictly scrutinized for form, timeliness, and sufficiency. United States v. Womack, 454 F.2d 1337, 1341 (5th Cir. 1972).

Section 455 provides in pertinent part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

    (1) Where he has a personal bias or prejudice concerning a party ....

28 U.S.C. § 455.

Disqualification motions must rest on facts sufficient to meet the standards of Sections 144 and 455 "so as to avoid giving parties a random veto over the assignment of judges." United States v. Giorgi, 840 F.2d 1022, 1034 (1st Cir. 1988). Under the provisions of Sections 144 and 455, any bias or prejudice must derive from an extrajudicial source. United States v. Smith, Crim. Action No. 95-153, 1995 WL 555578, at *3 (E.D. La. Sept. 19, 1995).

"A recusal motion under both statutes is committed to the sound discretion of the district judge." Chitimacha Tribe of Louisiana, 690 F.2d at 1166. Although the motion seeks my recusal, I may rule on the motion. Doddy v. Oxy USA, Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996).

To the extent that petitioner, who is pursuing this action *pro se*, is seeking recusal pursuant

to 28 U.S.C. § 144, that statute appears to be inapplicable. The issue of whether a *pro se* litigant may avail himself of Section 144 was thoroughly considered in Robinson v. Gregory, 929 F. Supp. 334 (S.D. Ind. 1996). In that case, the court held:

> The statutory language of Section 144 appears to prevent a *pro se* litigant from using Section 144 to obtain disqualification of the presiding judge. Judge Murrah wrote for the Tenth Circuit:
>
>> The purpose of this section is to secure for all litigants a fair and impartial trial before a tribunal completely divested of any personal bias or prejudice, either for or against any part [sic] to the proceedings, and it is the duty of all courts to scrupulously adhere to this admonition and to guard against any appearance of personal bias or prejudice which might generate in the minds of litigants a well-grounded belief that the presiding judge is for any reason personally biased or prejudiced against their cause. *But the statute, by its own terms, provides a safeguard against the abuse of the privilege granted by the statute, and that well-founded safeguard is the requirement that the affidavit must be accompanied by a certificate of counsel of record, and without which the affidavit is ineffectual to disqualify the judge. This requirement is founded on the assumption that a member of the bar or counsel of record will not indulge in reckless disregard of the truth, and further attests to the good faith and belief of the affiant.*
>
> Mitchell v. United States, 126 F.2d 550, 552 (10th Cir. 1942) (emphasis added).
> Although a *pro se* litigant ordinarily may take the same action on his or her own behalf that an attorney could, that approach should not apply to the requirements of Section 144. First, the statutory language is quite plain in requiring a certificate from "counsel of record." The Seventh Circuit, like other circuits, has stressed the importance of strict enforcement of the procedural and substantive requirements of Section 144. *E.g.,* [United States v.] Sykes, 7 F.3d [1331, 1339 (7th Cir. 1993)]. Second, although standards and procedures for disqualification to ensure both the reality and the appearance of impartiality are essential elements of our court system, they can be abused as devices for mere forum-shopping. Section 144 strikes a balance by providing both powerful and nearly automatic procedures for disqualification, while requiring counsel's certificate of good faith as a means to prevent abuse. As Judge Murrah explained in Mitchell, the requirement in Section 144 assumes that a member of the bar and officer of the court will not recklessly abuse the statute's powerful automatic procedures. Mitchell, 126 F.2d at 552. That

assumption may be based on both a confident faith in the integrity of the bar and perhaps a less optimistic awareness of the court's power to impose meaningful sanctions upon an attorney if Section 144 were abused. If a *pro se* litigant may use Section 144, the statute's essential safeguard of counsel's certificate of good faith is lost. Third, *pro se* litigants have other effective mechanisms available to protect them from biased judges. Most important, they can raise exactly the same issues under 28 U.S.C. § 455. If they cannot use Section 144, all they will lose is the automatic disqualification that occurs under Section 144.

Robinson, 929 F. Supp. at 337-38 (footnote omitted). For the reasons set forth in Robinson, this Court concludes that a *pro se* litigant may not use 28 U.S.C. § 144 as a means to seek recusal.[1] Accordingly, petitioner's motion, as it pertains to 28 U.S.C. § 144, is denied.

To the extent that petitioner is seeking recusal pursuant to 28 U.S.C. § 455, recusal under that statute is also unwarranted.

In determining whether recusal is appropriate pursuant to Section 455(a), the United States Fifth Circuit Court of Appeals has noted: "This recusal standard is objective; the relevant inquiry is whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." Trevino v. Johnson, 168 F.3d 173, 178 (5th Cir. 1999) (internal quotation marks omitted). In United States v. Bremers, 195 F.3d 221 (5th Cir. 1999), the Fifth Circuit stated:

> Our Circuit has recognized that section 445(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue.

Id. at 226. "[S]ection 455(a) must not be so broadly construed that it becomes, in effect,

---

[1] Even if 28 U.S.C. § 144 could be utilized by *pro se* litigants, petitioner has failed to submit an appropriate affidavit in support of his claim. Moreover, assuming that petitioner's motion would be deemed otherwise sufficient, its factual allegations are not. Petitioner has failed to make the required showing that the alleged bias is personal, as opposed to judicial, in nature.

presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (quotation marks omitted).

Petitioner has failed to show that I have a personal bias against him. The basis for his motion for recusal is that I have issued orders which were adverse to him. That is insufficient. The Fifth Circuit has noted: "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Instead, the judge's rulings should constitute grounds for appeal, not for recusal." United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997) (internal quotation marks and citation omitted). Therefore, 28 U.S.C. § 455(a) and (b)(1) do not require my recusal.

Accordingly, petitioner's motion for recusal is **DENIED**.

New Orleans, Louisiana, this twenty-fifth day of June, 2010.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**